SUCCESSORS OF ROSES & CO., LTD., APPELLANTS, *v.* THE
REGISTRAR OF PROPERTY, RESPONDENT.

### Appeal from a decision of the Registrar of Property of Arecibo.

No. 140.—Decided April 4, 1913.

MORTGAGE—HEIRS—RECORD OF TITLE.—A mortgage executed by the heirs upon property recorded in the name of their ancestor cannot be recorded until the encumbered property is recorded in the name of the heirs.

The facts are stated in the opinion.
*Mr. Manuel Paz Urdaz* for appellants.
The registrar did not appear.
MR. JUSTICE ALDREY delivered the opinion of the court.
The children and widow of José Loreto Ríos, the widow

*pro se* and representing some of said children who are minors, and all as heirs of said José Loreto Ríos, executed a voluntary mortgage on July 6, 1910, in favor of the mercantile firm Successors of Roses & Co., upon a property which is recorded in the Registry of Property of Arecibo in the name of their ancestor. Said mortgage having been presented in said registry to be recorded, its admission to record was refused by the registrar on the grounds set forth in the following decision from which this appeal was taken:

"The admission to record of the mortgage set out in the foregoing document is denied because it appears that the first registration of said mortgaged property is in the name of José Loreto Ríos y Ramírez de Arellano, who acquired the same by purchase during his marriage, and that the registration thereof in the name of his heirs was denied because his conjugal partnership with Antonia Villafaña Torrado had not been liquidated previously, as appears from entry A; and such defect being an incurable one, a cautionary notice is entered on folio 116, over, of volume 94 of Utuado, property number 3546, duplicate, entry letter D, in accordance with the provisions of section 7 of the Act of March 1, 1902, which will have legal effect for 120 days from this date. Arecibo, February 21, 1913."

Although the only ground of the appeal set up by the appellant firm is that when a property is recorded in favor of a married person his heirs may record *pro indiviso* the property of their ancestor without previously liquidating the conjugal partnership with the wife of the deceased, that is not the question raised in the decision appealed from, the real question being whether or not a conveyance or lien made by the heirs of the person in whose favor the property is recorded can be recorded without first having the property recorded in their names.

It appears from the registry that the property upon which the lien was constituted is still recorded in the name of José Loreto Ríos because the registration thereof in the name of his heirs was denied and unless an entry is made in the names of the persons who created the lien in favor of the

appellant firm, the registration of the title of this firm cannot be allowed, it being positively prohibited by article 20 of the Mortgage Law, which in paragraph 1 provides that in order that a title transferring or encumbering the ownership or possession of real property or property rights may be admitted to record the interest of the person conveying it or in whose name the transfer or encumbrance is made must be previously recorded, and in paragraph 4 that registrars shall deny the admission to record if said title is recorded in the name of a person other than the one executing the transfer or encumbrance.

Therefore, until the property is recorded by the heirs of José Loreto Ríos in their names the deeds or contracts by virtue of which the transfer or encumbrance of any property or property rights acquired by inheritance was made will not be admitted to record. *Luiña Hermanos et al.* v. *The Registrar of Property*, 3 P. R. R., 35; *Cabañas* v. *The Registrar of Property*, 8 P. R. R., 73.

The decision appealed from is affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.